Sedgwick, J.
The learned judge below found that the following facts existed: The plaintiff was the receiver, duly appointed, of the property of James R. Keene, and that Hie ilvfeiulant was one of the firm of E. A. Kent & Co. This tirm agreed with James R. Keene and other persons, who wore defendants because they would not become plaintiffs, to act as brokers and agents of Keene and his associates in the purchase and sale of tierces of lard for *306 their joint account. It "was agreed that the profits and losses, brokerage and expenses of such purchases and sales were to be paid to or by the associates, in specified proportions, and that E. A. Kent & Co. were to be entitled to, and were to receive, a brokerage of five per cent for each tierce so bought and sold, and were to be reimbursed for their outlays. That E. A. Kent & Co. had bought and sold under said agreement, but that no account of the said transactions had ever been stated and adjusted between E. A. Kent & Co. and Keene.
The learned judge concluded as matter of law, that the plaintiff was entitled to judgment, that the defendant Poole render a just and full account of all the dealings and transactions, purchases and sales of lard made and conducted by E. A. Kent & Co., under the agreement found to have been made, and that Poole be decreed to pay to plaintiff what may be found due to him as receiver of Keene on the accounting.'
The complaint was dismissed as to the other member of E. A. Kent & Co., then Poole, because as to such other member.the Statute of Limitations had been, successfully pleaded as a defense.
If there were no other facts in the case, than such as have been stated, there could be no doubt that an accounting was properly adjudged.
Biff the defendant requested the court to find as a fact, what in my opinion the testimony proved. That fact was, that the agreement referred to, was made to accomplish an illegal object. Its provisions were adapted intentionally to such an object. That object was to withdraw lard from, the public, market and create an artificial scarcity of it. The usual name of it was the a “ corner ” in lard.
The learned counsel for the respondent does not desire to deny that the agreement did have an unlawful object, but takes the position that the plaintiff does not ask to have any of its provisions enforced, and that as the facts show that it has been carried out, the defendant is liable for what he retains in his hands as Keene’s and his associate’s broker, or agent. The claim is, that the defendant is as liable as agent, as if he had paid the proceeds into the hands of another agent of Keene to be paid to Keene, and who could not set up such a defense. That , such other agent would be liable is true. Murray v. Vanderbilt, 39 Barb., 140; Merritt v. Millard, 4 Keyes, 208. It is not so clear that the defendant if considered to be agent, would be liable.
I am inclined to think that if the finding thirty-third, that .the.transactions carried on resulted in a loss, applies to the transactions exclusive of certain sales and purchases to and *307 from E. A. Kent & Co. themselves, and with that they should be charged, if they were brokers, this action would be for the recovery of some part of the margins furnished by Keene. In such case it would be necessary to consider if margins used for an illegal purpose can be recovered from the depositary after their use, in compliance with the unlawful agreement, and where the claimant cannot dis-affirm the agreement. This matter was not discussed at the bar. The facts are not clear, and the case will be decided from other positions.
The propositions for respondent, as to defendants’ liability, are not valid if the defendants did not act as brokers or agents and did not become what maybe called a depository. I think that, as matter of fact, upon all the legal evidence that can be presented, they were not agents in buying and selling the lard, but were principals, and, in legal effect, acted for themselves.
In the first place, the argument as to E. A. Kent & Co. being brokers, included, as the judge found, a provision that Kent & Co. were to purchase, sell and hold said lard in their own firm name.
He further found that defendants, or Kent & Co., made such transactions in their own firm name as principals. That is equivalent to finding that they were principals to all the world, excepting for the moment, Keene and his associates. The facts connected with the actual purchases and sales, of themselves, would show that they were principals as to Keene and his associates. There would be no evidence that they were agents of the latter. To change this result, Keene and his associates have no other resort than to attempt to prove the arrangement that appeared in evidence. The substance of this arrangement was, that while E. A. Kent & Co. were to act as principals as to other's, they agreed to act as brokers as to the associates for the purpose of carrying out an illegal object. The plaintiff, therefore, endeavors to enforce a part of an illegal contract. Unless some force is given to the agreement to act as brokers, there can legally be no evidence that they were brokers. Unless they were bound by the agreement to be brokers, they were and they remained principals, and, therefore, not accountable to those who pursue them as brokers.
As I am of opinion that the plaintiff seeks to enforce an illegal agreement, I think the judgment should be reversed and a new trial had, with costs to abide the event.
Freedman and Ingraham, JJ., concur.